UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Justin A. Spears, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Cause No. 1: 17-cv-541 |
| ) | |
| National Recoveries, Inc. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

**INTRODUCTION**

1. Plaintiff brings this action against defendant to enforce his rights under the U.S. Bankruptcy Code and federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Plaintiff is a consumer and the defendant is a debt collector. While acting as a debt collector, defendant attempted to collect a consumer debt from plaintiff. In so doing, defendant violated the automatic stay against the collection of debts found in the U.S. Bankruptcy Code and the FDCPA by taking actions that cannot be legally taken in connection with the collection of a debt, see 11 U.S.C. § 362, 15 U.S.C. §1692c, 15 U.S.C. §1692d, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f. Plaintiff seeks actual, punitive and statutory damages from defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681, et seq and 28 U.S.C. § 1331.

3. Venue in this District is proper under 28 U.S.C. § 1391, as defendant conducts business in this District and the conduct complained of occurred here.

## PARTIES

4. Plaintiff, Justin A. Spears ("Spears") is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom defendant attempted to collect a delinquent consumer debt.

5. Plaintiff is a debtor in a Chapter 13 bankruptcy proceeding that is currently pending in the U.S. Bankruptcy Court for the Southern District of Indiana under Case Number 13-09940-RLM-1. That bankruptcy proceeding was filed on September 8, 2013.

6. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

7. Defendant National Recoveries, Inc. (hereinafter referred to as "National") is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. National regularly attempts to collect debts from consumers, including consumers in the State of Indiana. In fact, National was acting as a debt collector as to the delinquent consumer debt it attempted to collect from plaintiff.

8. National is authorized to conduct business in Indiana and maintains a registered agent here. National conducts business in Indiana.

9. National is licensed as a debt collection agency in the State of Indiana, under I.C. 25-11-1-1 and acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

10. Due to financial difficulties, on September 8, 2013, Spears filed a Chapter 13 bankruptcy.

11. Several student loans, including loans owed to the U.S. Department of Education, are listed in the Chapter 13 bankruptcy.

12. In November 2015, National began calling Spears regarding student loans that were listed on his bankruptcy schedules.

13. National sent Spears an initial collection letter dated November 23, 2015.

14. On January 19, 2016, after receiving collection calls and the November 23, 2015 correspondence from National, Spears called National.

15. During the January 19, 2016 call, Spears spoke to a representative of National and advised the representative that he was represented by counsel, that he was a debtor in a current Chapter 13 bankruptcy, and that the student loan in question was listed in the Chapter 13 bankruptcy.

16. Despite having knowledge that Spears was represented by counsel and a debtor in an active bankruptcy, National continued to contact Spears via telephone and written correspondence, including letters dated February 22, 2016 and March 4, 2016. Copies of the letters are attached hereto as Exhibit "A".

17. The March 4, 20106 correspondence contained threats of collection including wage garnishment and litigation through the U.S. Attorney's Office.

18. All of National's collection actions at issue in this matter occurred within one year of the date of this Complaint.

19. National's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### VIOLATION OF § 1692c(a)(2) OF THE FDCPA – COMMUNICATING WITH A CONSUMER REPRESENTED BY COUNSEL

20. Plaintiff adopts and realleges Paragraphs 1 – 19.

21. Section 1692c(a)(2) of the FDCPA prohibits debt collectors from communicating with a consumer if the debt collectors know the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  see 15 U.S.C. § 1692c(a)(2).

22. Spears advised National that he was represented by counsel and involved in an active bankruptcy.  Despite that knowledge, National continued to contact Spears via telephone calls and written correspondence.

23. By communicating with Spears when they knew he was represented by counsel in connection with the debt, defendants violated § 1692c(a)(2) of the FDCPA.

24. National's violations of §1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### VIOLATION OF § 1692d OF THE FDCPA- HARASSMENT OR ABUSE

25. Plaintiff adopts and realleges Paragraphs 1- 24.

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. By communicating with Spears when they know he was represented by counsel, National violated § 1692d of the FDCPA.

28. By attempting to collect a debt included in Spears' Chapter 13 bankruptcy, National violated § 1692d of the FDCPA.

29. National's violation of §1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692e(5) OF THE FDCPA – FALSE OR MISLEADING REPRESENTATIONS

30. Plaintiff adopts and realleges Paragraphs 1 – 29.

31. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken. *See,* 15 U.S.C. § 1692e(5).

32. By communicating that Spears was subject to possible wage garnishment or litigation through the U.S. Attorney's Office on a debt that National knew or should have known was included in Spears' Chapter 13 bankruptcy, National threatened to take action that could not be legally taken, and therefore violated § 1692e(5) of the FDCPA.

33. National's violation of §1692e(5) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692f OF THE FDCPA - UNFAIR PRACTICES

34. Plaintiff adopts and realleges Paragraphs 1 – 33.

35. § 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

36. By attempting to collect a debt that was included Spears' Chapter 13 bankruptcy, National violated § 1692f of the FDCPA.

37. By attempting to collect a debt when they knew Spears was represented by counsel, National violated § 1692f of the FDCPA.

38. National's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## WILLFUL VIOLATION OF THE AUTOMATIC STAY

39. Plaintiff adopts and realleges Paragraphs 1 – 38.

40. National's willful attempt to collect a debt included in Spears' Chapter 13 bankruptcy is a direct violation of the U.S. Bankruptcy Code's automatic stay as set forth in 11 U.S.C. § 362.

41. As a result of National's violation of 11 U.S.C. § 362, it is liable to Spears for actual damages, punitive damages, attorney fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Justin A. Spears respectfully requests that the Court find that National Recoveries, Inc. violated the FDCPA and the automatic stay provisions of the U.S. Bankruptcy Code and enter judgment against National Recoveries, Inc. for actual damages, statutory damages, punitive damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and 11 U.S.C. § 362 and all other just and proper relief.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn (15377-49)
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury.

> Respectfully submitted,
>
> /s/ Thomas G. Bradburn
> Thomas G. Bradburn

Thomas G. Bradburn
Bradburn Law Firm
92 South 9th Street
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: tbradburn@bradburnlaw.com